IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MYRON C. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 07-464 |
| v. ) | |
| ) | |
| STEVEN A. MOLNAR and ) | |
| DANIEL MOLNAR, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' OPPOSITION PLAINTIFF'S MOTION FOR REMAND TO THE DELAWARE SUPERIOR COURT

Defendants Steven A. Molnar and Daniel Molnar (hereinafter collectively referred to as "Defendants"), oppose Plaintiff's Motion for Remand to the Delaware Superior Court (the "Motion"). The grounds for Defendants' opposition are as follows:

1.  Plaintiff, Myron C. Smith, filed his State Court Action in the Delaware Superior Court in and for New Castle County on June 21, 2007. Defendants filed their Notice of Removal on July 26, 2007, and Plaintiff filed his Motion on August 22, 2007.

2.  Plaintiff alleges that Defendant Steven A. Molnar was acting as an agent, servant and/or employee of Defendant Daniel Molnar when he operated a motor vehicle in a negligent manner when it struck Plaintiff's vehicle.

3.  Plaintiff alleges he "sustained injuries to his neck, back, and other injuries, some or all of which may be permanent, pain and suffering, mental distress and other damages." [Complaint at ¶4; *c.f.* Motion at ¶4 ("non-surgical, permanent injury to his low back")].

4. Plaintiff seeks "general and special damages in excess of PIP, and other damages, including but not limited to other special damages in an amount to be determined by a jury, plus costs and interests." [Complaint, Wherefore Clause].

5. Plaintiff filed the case in the State Court Action as an Arbitration Case meaning that the value of the case is less than $100,000. This amount is in excess of the requisite $75,000 amount in controversy for purposes of federal court jurisdiction under 28 U.S.C. §1332.

6. Plaintiff's initial demand to resolve this matter was $75,000.

7. In his Motion, "Plaintiff submits that the sum of the matter in controversy *does not exceed* $75,000." [Motion at ¶3 (emphasis in original); *see also* ¶5]. Plaintiff's submission, however, does not preclude a jury from finding for Plaintiff in an amount in excess of $75,000.

8. Prior to filing their Notice of Removal, Defendants' counsel requested Plaintiff's counsel to stipulate that any award would be capped at $75,000. Plaintiff's counsel declined. The request was repeated after the filing of Plaintiff's Motion. Plaintiff has not agreed to stipulate that any award will be capped at $75,000.

9. Defendants in state court proceedings may remove cases to federal court if, based upon the face of the Complaint, subject matter jurisdiction would have existed in federal court for the plaintiff's claims. 28 U.S.C. § 1441. Where, as here, diversity jurisdiction is claimed, there must be both complete diversity of the parties and the requisite jurisdictional amount of over $ 75,000. 28 U.S.C. § 1332.

10. Where a party seeks remand a removed case back to state court, it must "appear to a legal certainty that the claim is really for less than the jurisdictional amount to

justify dismissal." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 82 L. Ed. 845, 58 S. Ct. 586 (1938).

11.     The general rule is that the amount in controversy is determined from the complaint itself. *See Horton v. Liberty Mutual Ins. Co.*, 367 U.S. 348, 353, 6 L. Ed. 2d 890, 81 S. Ct. 1570 (1961). Where, as here, the amount in controversy is ambiguous in the complaint, the court must independently appraise the allegations to determine whether the value of claims exceeds the jurisdictional amount. *See Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993). The amount in controversy is "not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Id.*

12.     Here, as the party seeking removal, Defendants have the burden of showing by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *See Penn v. Wal-Mart Stores, Inc.*, 116 F. Supp. 2d 557 (D. N.J. 2000).

13.     In this case, Plaintiff seeks "general and special damages in excess of PIP, and other damages, including but not limited to other special damages in an amount to be determined by a jury, plus costs and interests" for alleged "injuries to his neck, back, and other injuries, some or all of which may be permanent, pain and suffering, mental distress and other damages." Plaintiff submits, but will not stipulate that the value of the case is less than $75,000. Plaintiff's submission is hardly an accurate indicator of the value of the case. *See, e.g. Lurie v. Montana*, 2005 Del. Super. LEXIS 378 (2005)(issuing remittitur reducing $450,000 award in personal injury auto accident arbitration case in which Plaintiff's counsel estimated at beginning of case that any damages recovery would not exceed $100,000). In addition, Plaintiff's additional demand for $75,000 is evidence of the potential value of the case. *See BBDova, L.L.C. v. Auto. Techs., Inc.*, 2005 U.S. Dist. LEXIS 7451, 5-6 (D. Del. 2005).

14. Defendants will not object to remand of this case to the Delaware Superior Court upon stipulation by Plaintiff that any award will be capped at $75,000. Until that time, however, based upon Plaintiff's characterization of his injuries and the unspecified "general," "special," and "other special" damages sought in the Complaint, and Plaintiff's demand, it does not appear to a legal certainty that the claim is really for less than the jurisdictional amount and it is more likely than not that the amount in controversy in this matter exceeds $75,000 and that federal diversity subject matter jurisdiction exists.

WHEREFORE, Defendants Steven A. Molnar and Daniel Molnar respectfully request that Plaintiff's Motion to Remand to the Delaware Superior Court be denied.

**MARGOLIS EDELSTEIN**

*s/ Herbert W. Mondros*
Herbert W. Mondros, Esquire (DE #3308)
750 South Madison Street, Suite 102
Wilmington, DE 19801
(302) 888-1112
Attorney for Defendants Steven A. Molnar
and Daniel Molnar

Dated: August 31, 2007

4

1 of 1 DOCUMENT

CYNTHIA LURIE, Plaintiff, v. MARK MONTANA and VINCENT MONTANA, JR., Defendants.

C.A. No. 01C-11-150 MMJ

SUPERIOR COURT OF DELAWARE, NEW CASTLE

2005 Del. Super. LEXIS 378

September 1, 2005, Submitted
October 31, 2005, Decided

**NOTICE:**

[*1] THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL.

**DISPOSITION:** Defendants' Motion for a New Trial Pursuant to Superior Court Civil Rule 59 or in the alternative Defendants' Motion for Remittitur and Plaintiff's Amended Petition for Costs.

**COUNSEL:** Attorneys for Plaintiff: Gary W. Aber, Esquire, Aber, Goldlust, Baker & Over, Wilmington, Delaware.

Attorneys for Defendants: Norman H. Brooks, Jr., Esquire, Marks, O'Neill, O'Brien & Courtney, P.C., Wilmington, Delaware; Charles P. Coates, III, Esquire, Newark, Delaware,

**JUDGES:** Mary M. Johnston, Judge.

**OPINION BY:** Mary M. Johnston

**OPINION**

## MEMORANDUM OPINION

JOHNSTON, J.

Plaintiff brought this action for damages arising from personal injuries suffered as a result of an automobile accident. Plaintiff filed the complaint as an arbitration case.[1] The arbitrator found in favor of Defendants. Plaintiff demanded a trial *de novo*. Both liability and the amount of damages were vigorously contested during the jury trial. At the conclusion of trial, the jury apportioned liability equally among Plaintiff and Defendants and awarded Plaintiff the sum of $ 450,000.

> 1 Superior Court Civil Rule 16.1 requires that all civil actions are subject to mandatory arbitration when counsel for the claimant has not certified that damages exceed $ 100,000.

[*2] The parties presented competing versions of how the accident occurred. The jury considered the testimony of the parties and a non-party fact witness. The parties' expert witnesses provided their opposing theories. The jury had ample opportunity to assess the credibility of the lay witnesses and the weight to be given the expert testimony. These are quintessential issues for resolution by the factfinder.

Prior to trial, the court resolved motions in limine concerning expert testimony and exhibits. The court concurred with the parties that the anticipated evidence warranted a jury instruction that prevented consideration of future medical expenses in any award of damages. The court declined to instruct the jury that it could assume that Defendants' lack of expert testimony on certain topics, meant that if Defendants had presented expert testimony on those topics, such testimony would have been adverse to Defendants. During trial, the court declined to direct a verdict, ruling that there was sufficient evidence to be considered by the jury on the issue of liability.

Defendants argue that the jury improperly

determined negligence "on the basis of two questionable premises: speed and [*3] drinking," without sufficient evidentiary support. Plaintiff responds that the parties' versions of how the accident occurred were diametrically opposed: Plaintiff contending that she was struck while stopped and waiting to enter the intersection and Defendant drifted off the roadway and struck her broadside; and Defendant claiming that Plaintiff pulled into the roadway into Defendant's path and that Defendant's version was supported by an independent eyewitness.

There is no reason to conclude that the jury found negligence on the basis of anything other than assessment of admissible evidence and any reasonable inferences drawn from the evidence. Objections to admission of the witnesses' estimates of the vehicles' speeds, and to admission of evidence that Defendant had consumed one beer prior to driving (something Defendant had denied under oath during the arbitration), were overruled. The testimony of the parties, the eye witness, and both experts was subject to thorough cross-examination. The hotly -- disputed factual issues included the weather, road conditions, visability, movement of the vehicles, and point of impact. The jury assessed the credibility of all witnesses and determined [*4] the weight to be given to their testimony.

A motion to grant a new trial on the ground of an excessive verdict is directed to the sound discretion of the court. The court has the authority to grant a new trial if the verdict was so out of proportion to the injury that the verdict shocks the court's conscience and sense of justice, or if the verdict was based upon passion, partiality, prejudice, mistake, or misapprehension on the part of the jury. [2] In the absence of exceptional circumstances, the jury's award of damages should be deemed appropriate. [3]

> 2  *Mills v. Telenczak*, 345 A.2d 424, 426 (Del. 1975); *Storey v. Castner*, 314 A.2d 187, 193 (Del. 1973); *McCloskey v. McKelvie*, 54 Del. 107, 174 A.2d 691, 693, 4 Storey 107 (Del. Super. 1961).
> 3  *Young v. Frase*, 702 A.2d 1234, 1236 (Del. 1997).

After considering all of the relevant factors, I conclude that a remittitur must be granted because the verdict is sufficiently out of proportion to the injury so as to shock the [*5] court's conscience and sense of justice. Although I am reluctant to draw any conclusion which is contrary to the jury's determination, [4] the facts require a reduction of the amount of damages awarded.

> 4  See *Storey v. Camper*, 401 A.2d 458 at 466-67.

Plaintiff presented medical evidence supporting herniation of a disc in her neck, resulting in radiculopathy into her arms, and protruding discs in her low back causing radiculopathy into her legs. Both injuries were confirmed by objective medical tests. These injuries are permanent. Nevertheless, Plaintiff has neither sought nor received medical treatment for over four years, with the exception of one examination in 2004. There was no claim for future medical expenses, lost wages, or the expenses of any future surgery. Past medical expenses were approximately $ 13,000.

This case began as an arbitration case, indicating that Plaintiff estimated that any damages recovery would not exceed $ 100,000. Even Plaintiff's counsel has stated that "the verdict is on the [*6] high end of the spectrum." All counsel, as officers of the court, agreed that the verdict was "surprisingly high." When the jury verdict was read, the court observed that all of the attorneys present plainly appeared to be shocked by the amount awarded.

Even when viewed in the light most favorable to Plaintiff, Plaintiff's injuries cannot justify a monetary award in the amount of $ 450,000. Plaintiff will continue to suffer pain and discomfort, and certain of her activities, such as walking her dogs, have become more difficult. Her life expectancy exceeds twenty years. Having considered the nature, extent and duration of Plaintiff's injuries, past and future pain and suffering, her life expectancy, past and future impairment of activities, and the permanent nature of her injuries, the absolute maximum just and reasonable compensation to Plaintiff is $ 200,000, offset by 50% comparative negligence, resulting in an award to Plaintiff in the total amount of $ 100,000.

**THEREFORE,** Defendants' Motion for a New Trial Pursuant to Superior Court Civil Rule 59 is hereby **DENIED**. Defendant's alternative Motion for Remittitur is hereby **GRANTED**. The maximum award to Plaintiff [*7] is $ 100,000. If Plaintiff fails to accept this remittitur by written notice no later than 20 days from the date of this Opinion, a new trial will be ordered on the issue of damages only.

Plaintiff's Petition for Costs is **GRANTED IN PART AND DENIED IN PART,** as follows:

| Court Costs: | | |
|---|---|---|
| Filing Fee | $ 175.00 | |
| Sheriff | 35.00 | |
| Appeal De Novo | 150.00 | |
| Docket Entries | 225.00 | |
| TOTAL | | $ 365.00 |
| Videotaping of Deposition of Dr. Stuart G. Dubowitch, D.O. | | $ 459.48 |
| Expert Witness Fees: | | |
| Stuart G. Dubowitch, D.O. | $ 1,500.00 | |
| Michael Whittier | $ 1,000.00 | |
| Anthony F. Calzaretto, D.C. | $ 1,000.00 | |
| TOTAL | | $ 3,500.00 |
| GRAND TOTAL | | $ 4,324.48 |

The Honorable Mary M. Johnston

**IT IS SO ORDERED.**

242 of 336 DOCUMENTS

**BBDOVA, LLC d/b/a WIRELESS ZONE, Plaintiff, v. AUTOMOTIVE TECHNOLOGIES, INC., Defendant.**

Civ. No.04-1448-SLR

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

*2005 U.S. Dist. LEXIS 7451*

**February 25, 2005, Decided**

**SUBSEQUENT HISTORY:** Motion denied by, Transferred by *BBDova, LLC v. Auto. Techs., Inc., 358 F. Supp. 2d 387, 2005 U.S. Dist. LEXIS 6657 (D. Del., 2005)*

**COUNSEL:** [*1] For BBDova LLC doing business as Wireless Zone, Plaintiff: Christopher Alan Selzer, McCarter & English, LLP, Wilmington, DE.

For Automotive Technologies Inc., Defendant: William M. Kelleher, Ballard, Spahr, Andrews & Ingersoll, LLP, Wilmington, DE.

**JUDGES:** Sue L. Robinson, United States District Judge.

**OPINION BY:** Sue L. Robinson

**OPINION**

**MEMORANDUM ORDER**

At Wilmington this 25th day of February, 2005, having considered plaintiff's motion for remand and the papers submitted in connection therewith;

IT IS ORDERED that said motion to remand (D.I. 14) is denied, for the reasons that follow: [1]

> 1  As an preliminary matter, the court notes that on November 15, 2004, defendant removed the present action to this court on the basis of diversity jurisdiction. (D.I. 1) On December 7, 2004, plaintiff filed a motion to stay briefing related to, or extend time for plaintiff's answer to, defendant's motion to dismiss. (D.I. 5) In this motion plaintiff stated that *28 U.S.C § 1447(c)* required plaintiff to file the present motion to remand by 4:30 p.m. on Monday, December 20, 2004. (D.I. 5 at 2-3) Plaintiff did not file the present motion until January 18, 2005. (D.I. 14)
>
> Nevertheless, the court will entertain plaintiff's motion for remand for two reasons. First, *28 U.S.C § 1447(c)* did not require plaintiff to file the present motion to remand by December 20th. *28 U.S.C § 1447(c)* states:
>
>> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under *section 1446(a)*. If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.
>
> As a result, if plaintiff's motion for remand was for any basis other than subject matter jurisdiction, it would have had to file the motion before December 20th. However, the present motion is for remand on the basis of lack of subject matter jurisdiction, namely lack of diversity jurisdiction. Consequently, *28 U.S.C § 1447(c)* allows plaintiff to bring the present motion at any time before final judgment. Second, because the court finds that plaintiff's motion lacks substantive merit, the court will address plaintiff's arguments rather than dismiss the motion because of procedural deficiencies.

[*2]  1. Plaintiff BBDova, LLC is a New Jersey limited liability company having its principal place of business at 1121 Churchman's Road, Newark, DE 19713. Plaintiff is an authorized Delaware foreign corporation

Case 1:07-cv-00464-JJF  Document 5-3  Filed 08/31/2007  Page 2 of 4

Page 2
2005 U.S. Dist. LEXIS 7451, *

and may conduct business in the State of Delaware. (D.I. 15 at 7)

2. Defendant Automotive Technologies, Inc. ("ATI") is a Connecticut corporation with its principal place of business at 34 Industrial Park Place, Middletown, CT 06457. (*Id.*) Defendant is engaged in the business of franchising third parties to own and operate Wireless Zone retail stores.[2] (D.I. 3 at 2)

> 2 A Wireless Zone retail store is a retail business specializing in wireless communication devices, services and accessories, which include, among other things, the sale, installation and repair of wireless telephones and other wireless telecommunication products and services. (D.I. 3 at 2)

3. On August 11, 2003 plaintiff and defendant entered into ATI Franchise Agreement No. WZ-187 ("the Agreement") for the operation of a Wireless Zone [*3] retail store at 1121 Churchman's Center, Newark, DE 19713. (*Id.* at 4; D.I. 15 at 7)

4. On September 24, 2003 an agent of defendant contacted one of plaintiff's principals, Ben Cordova ("Cordova"), for the purpose of amending the Agreement to remedy a typographical error ("the Amendment"). (D.I. 15 at 8) Defendant claims that the purpose of the Amendment was to amend the "Protected Territory" description set forth in Section 1.05 of the Agreement in a manner provided for under Section 17.03 of the Agreement. (D.I. 16 at 3; *see also* D.I. 1, ex. 3) Both parties agree that plaintiff's principal signed the Amendment. (D.I. 15 at 8; D.I. 16 at 3) Plaintiff alleges that at a later date, Cordova realized that the Amendment restructured the territory allotted to plaintiff by the Agreement. (D.I. 16 at 3)

5. On February 16, 2004 defendant entered into ATI Franchise Agreement No. WZ-223 for the operation of a Wireless Zone retail store at 404 Suburban Drive, Suburban Plaza Shopping Center, Newark, DE 19711. (*Id.*) Plaintiff complained to defendant about the competition created by this additional Wireless Zone store, and alleged that it unfairly impacted the territory protected by [*4] the Agreement. (*Id.* at 4)

6. On May 24, 2004, Cordova contacted defendant's Executive Vice President and General Manager, and offered to sell plaintiff's Wireless Zone retail store for $ 150,000 as a remedy and in exchange for a release from any claims arising out of the Amendment. (D.I. 1, ex. 5)

7. Plaintiff filed a declaratory judgment action in the Superior Court of the State of Delaware against defendant on October 13, 2004, seeking a declaration as to the legality of the Amendment. (D.I. 1, ex. 1) Plaintiff's motion for declaratory judgment did not state any value for the territory it allegedly lost as a result of the Amendment. (D.I. 1, ex. 1)

8. Defendant removed the case to this court on November 15, 2004, on the basis of diversity jurisdiction. (D.I. 1)

9. On January 18, 2005, plaintiff filed a motion to remand. (D.I. 14) Plaintiff claimed that it only sought relief in the form of a declaration that the Amendment is invalid for lack of consideration, and that it did not request monetary damages. (D.I. 15 at 12) Consequently, plaintiff argued that remand was necessary because the amount in controversy did not exceed $ 75,000 and, therefore, there was no diversity jurisdiction. [*5] (*Id.*)

10. *28 U.S.C. § 1441* provides for the right of defendants in state court proceedings to remove cases to federal court if, based upon the face of the filed pleadings, subject matter jurisdiction would have existed in federal court for the plaintiff's claims. Where subject matter jurisdiction is claimed pursuant to the court's diversity jurisdiction, there must be both complete diversity of the parties and the requisite jurisdictional amount of over $ 75,000. *28 U.S.C. § 1332*. On a motion to remand, it must "appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289, 82 L. Ed. 845, 58 S. Ct. 586 (1938)*. It is the general rule that the amount in controversy is determined from the complaint itself. *See Horton v. Liberty Mutual Ins. Co., 367 U.S. 348, 353, 6 L. Ed. 2d 890, 81 S. Ct. 1570 (1961)*. Where the amount in controversy is ambiguous in the pleadings, the court must conduct its own independent appraisal of the allegations to determine whether the value of claims exceeds the jurisdictional amount. *See Angus v. Shiley Inc., 989 F.2d 142, 146 (3d Cir. 1993)*. [*6] The amount in controversy is "not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Id.* The party seeking removal, of course, has the burden of showing by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *See Penn v. Wal-Mart Stores, Inc., 116 F. Supp. 2d 557 (D. N.J. 2000)*. *See also Gilman v. BHC Securities, 104 F.3d 1418, 1421 (2d Cir. 1997); De Aguilar v. Boeing Co., 47 F.3d 1404, 1411-12 (5th Cir. 1995); Shaw v. Dow Brands, Inc., 994 F.2d 364, 366 (7th Cir. 1993)*. In other words, it must be more likely than not that the amount in controversy exceeds $ 75,000.

11. Diversity of citizenship exists between the parties. Plaintiff is a New Jersey limited liability company with its principal place of business in Newark, Delaware. Consequently, plaintiff is a citizen of both New Jersey and Delaware. *28 U.S.C. § 1332(c)(1)*. Defendant is a

Connecticut corporation with its principal place of business in Middletown, Connecticut. Thus, defendant is a citizen of Connecticut. [*7] *Id.*

12. Furthermore, the amount in controversy in the present litigation exceeds $ 75,000. As a general rule, the amount in controversy is determined from the complaint itself. *See Horton, 367 U.S. at 353.* However, the Supreme Court has decided that when a complaint does not explicitly quantify the value of the remedy sought, such as when declaratory or injunctive relief is requested, the court must look elsewhere to determine the "value of the object of the litigation." *Hunt v. Walsh State Apple Adver. Comm'n, 432 U.S. 333, 347, 53 L. Ed. 2d 383, 97 S. Ct. 2434 (1977).* [3] The value of the object of the litigation is the amount in controversy. *Id.* Where a plaintiff's complaint does not specify a particular amount of damages, the court must determine the amount in controversy by a preponderance of the evidence. *Chase v. Shop 'N Save Warehouse Foods, Inc., 110 F.3d 424, 427-28 (7th Cir. 1997); Gilman v. BHC Sec., Inc., 104 F.3d 1418, 1428 (2d Cir.); Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996); Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356-57 (11th Cir. 1996) overruled on* [*8] *other arounds by Office Depot v. Cohen, 204 F.3d 1069 (11th Cir. 200); De Aguilar v. Boeing Co., 47 F.3d 1404, 1409 (5th Cir. 1995); Gafford v. General Electric Co., 997 F.2d 150, 158 (6th Cir. 1993).*

> 3  Plaintiff attempts to distinguish *Hunt* on the grounds that in *Hunt*, "the jurisdictional controversy involved a question of the legal uncertainty of accrued damages; it was not disputed that the uncertain damages that had accrued were, and would continue to be, the direct result of the relationship between the litigants." (D.I. 17 at 9) However, this argument does nothing to distinguish *Hunt* from the present matter. Just as in *Hunt*, the parties in this litigation have a relationship. Furthermore, it is undisputed that the alleged damages arose from this relationship. Consequently, the court should look to the "value of the object of the litigation" in order to determine the amount in controversy.

13. The purpose of this declaratory judgment action [*9] is to determine who possesses the rights to a certain piece of franchised territory. This territory has a value. Regardless of what the parties intend to do with the territory, the ultimate ruling in this case will distribute the disputed territory to a party. Thus, in order to determine whether the amount in controversy exceeds $ 75,000, the court must determine, by a preponderance of the evidence, the value of the disputed territory.

14. Defendant produced evidence that on May 24, 2004, Cordova sent an email to defendant's Executive Vice President and General Manager, offering to sell plaintiff's Wireless Zone store and release defendant from "any and all damages" arising from this dispute for $ 150,000. [4] (D.I. 1, ex. 5) Furthermore, defendant produced the declaration of Susan E. Suhr, which stated, "As reflected in my analysis above, [defendant] assesses the reasonable value of the franchise territorial and other rights in controversy and to be litigated under the Complaint at $ 150,000.00." (D.I. 1, ex. A) Finally, plaintiff states that "there is no doubt that the third-party litigation will far exceed the jurisdictional amount in controversy . . . ." (D.I. 17 at 11) The third-party [*10] litigation plaintiff refers to is a subsequent dispute that might arise between defendant and a third party regarding the disputed territory if plaintiff is deemed to have the rights to that property. Nevertheless, plaintiff's motion to remand and its reply fail to point to any evidence suggesting that the amount in controversy is $ 75,000 or less. As a result, the court concludes that the amount in controversy exceeds $ 75,000.

> 4  Plaintiff argues that the court should not consider this email in determining the value of the object of this litigation because its was an "off-the-cuff email" that was sent by a "distraught" Cordova at a time when plaintiff was not represented by an attorney. (D.I. 17 at 12) However, plaintiff fails to point to, and the court has been unable to find, any precedent holding that statements should be excluded when they are "off-the-cuff", or were made while distraught, or made by unrepresented persons. The court must determine the amount in controversy by a preponderance of the evidence. The email from plaintiff's principal constitutes evidence, and will be considered by the court. Nevertheless, the court will consider the factors identified by plaintiff in determining the weight it assigns to the email.

Perhaps more importantly, the court notes that Cordova's email not only offered to sell the disputed territory, but also plaintiff's entire franchise rights, along with all inventory and fixtures and a release from any and all damages arising out of the dispute. (D.I. 1, ex. 5) In other words, the $ 150,000 offered by Cordova was for more than just the disputed territory, the object of this litigation. However, the email also indicates that the inventory was only worth $ 10,000. Furthermore, plaintiff only operated one store, meaning the fixtures were of little value. The court concludes that this email indicates that the disputed territory together with the release from any and

all damages incurred amounted to more than $ 75,000.

[*11] 15. Because the court has denied plaintiff's motion for remand, the court also denies plaintiff's petition for costs and attorney's fees.

16. The court finds that there is complete diversity between the plaintiff and defendant. Furthermore, the amount in controversy in this case exceeds $ 75,000. Accordingly, the court holds that it does have subject matter jurisdiction over the present matter, and plaintiff's motion for remand (D.I. 14) is denied.

*Sue L. Robinson*

United States District Judge