```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF DELAWARE

MYRON C. SMITH,                 :
                                :
      Plaintiff                 :
                                :
      v.                        :   Civil Action No. 07-464-JJF
                                :
STEVEN A. MOLNAR and DANIEL     :
MOLNAR,                         :
            Defendants.         :
```

### MEMORANDUM ORDER

Pending before the Court is Plaintiff's Motion for Remand to Delaware Superior Court (D.I. 4). For the reasons discussed, the Court will deny Plaintiff's Motion.

### BACKGROUND

This action was commenced in the Superior Court of the State of Delaware (hereinafter "State Court"), in and for New Castle County, on June 21, 2007 by Plaintiff, Myron Smith ("Mr. Smith"), alleging damages related to a motor vehicle accident that occurred in New Castle, Delaware on July 14, 2005. Defendants are residents of New Jersey. Defendants filed their Notice of Removal of this case to this Court on July 26, 2007, based on diversity of citizenship between the parties, and contending that "the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) as Plaintiff is seeking general and special damages," as required by 28 U.S.C. § 1332. (D.I. 1 at ¶4.)

By his Complaint, Mr. Smith seeks "general and special damages in excess of [Personal Injury Protection], and other damages, including but not limited to other special damages in an

amount to be determined by a jury, plus costs and interests." (D.I. 1 at Exh. A.)  Mr. Smith alleges that he has sustained injuries to his neck and back, among other injuries, "some or all of which may be permanent, pain and suffering, mental distress and other damages."  (Id. at Exh. A. ¶ 4.)  Mr. Smith originally filed this action in State Court as an arbitration case, which requires that the value of the case be less than $100,000.

### PARTIES' CONTENTIONS

By his Motion to Remand, Mr. Smith does not dispute that the parties are domiciled in different states, but submits that the Court should remand this action because the sum of the matter in controversy does not exceed $75,000.  Mr. Smith contends that, as a result of the accident, he incurred approximately $8,000 in medical bills, as well as a non-surgical, permanent injury to his lower back.  He contends that similar cases settle for less than $75,000, and that Defendants have not made a settlement offer in excess of $75,000.

In response, Defendants contend that Mr. Smith's initial demand to resolve this matter was $75,000, and that Plaintiff's submission that the matter in controversy does not exceed $75,000 does not preclude a jury from finding for Plaintiff in an amount in excess of $75,000.  Defendants further contend that, prior to filing their Notice of Removal, Defendants requested that Plaintiffs stipulate that any award would be capped at $75,000, and Plaintiff declined.

**DISCUSSION**

The exercise of removal jurisdiction is governed by 28 U.S.C. § 1441(a) which states that, in order to remove a civil action from state court to federal court, a district court must have original jurisdiction. 28 U.S.C. § 1441(a). The statute is strictly construed, requiring remand to state court if any doubt exists over whether removal was proper. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 104 (1941). The party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court. Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007).

A district court has subject matter jurisdiction over civil actions if there is complete diversity of citizenship between the parties and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332. While determination of the value of the matter in controversy for purposes of federal jurisdiction is a federal question to be decided under federal standards, federal courts must look to state law to determine the nature and extent of the right to be enforced in a diversity case. Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 352-353 (1961). "The amount [in controversy] need not be proven; rather, the amount is judged from the face of the complaint and is generally established by a good faith allegation." Golden ex rel. Golden v. Golden, 382 F.3d 348, 354

-355 (3d Cir. 2004)(internal citations omitted).

In *Frederico*, 507 F.3d at 193, the Third Circuit clarified the "quantum of proof to be used in ascertaining the requisite amount in removal cases." Where, as here, the plaintiff has not specifically averred in the complaint that the amount in controversy is less than the jurisdictional minimum, "the case must be remanded if it appears to a legal certainty that the plaintiff *cannot* recover the jurisdictional amount." *Id*. at 197. (emphasis in original).

The Court concludes that it does not appear to a legal certainty that Mr. Smith cannot recover the jurisdictional amount of $75,000. While the filing of this action as an arbitration case in Superior Court does indicate that Mr. Smith estimates that his damages recovery will not exceed $100,000, this does not necessarily mean that damages will not exceed $75,000. The Court further finds that, while Mr. Smith takes issue with Defendants' contentions regarding the amount in controversy, Mr. Smith does not offer his own quantification of the amount in controversy other than to assert that it is below the statutory threshold. Finally, the Court finds persuasive that Defendants have pointed to similar actions, involving personal injuries arising from automobile accidents, where juries have awarded in excess of $75,000. *See*, *e.g.*, *Lurie v. Montana*, C.A. No. 01C-11-150 MMJ, 2005 Del. Super. LEXIS 378 (Del. Super. Ct. Oct. 31, 2005). Accordingly, the Court having found that, at this stage of this

litigation, it does not appear to a legal certainty that Mr. Smith cannot recover the jurisdictional amount of $75,000, the Court will deny Mr. Smith's Motion to Remand.

### ORDER

For the reasons discussed, it is hereby ordered that Plaintiff's Motion to Remand (D.I. 4) is **DENIED**.

July 2, 2008  
    DATE

_Joseph J. Farnan Jr._  
UNITED STATES DISTRICT JUDGE